UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO. 1:11-cv-1210-WTL-TAB** |
| | ) | |
| **VINCENT E. AGOSTON, LAURA A.** | ) | |
| **AGOSTON, SARAH R. AGOSTON,** | ) | |
| **MICHAEL E. HAHN, AND SAMANTHA** | ) | |
| **SMYTHE** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Plaintiff Allstate Insurance Company's motion for

summary judgment (dkt # 24).  The motion is fully briefed, and the Court, being duly advised,

**GRANTS** the Plaintiff's motion for the reasons set forth below.

## I. STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment,

the admissible evidence presented by the non-moving party must be believed and all reasonable

inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476

F.3d 487, 490 (7th Cir. 2007).  However, the court "is not required to scour the record in search

of evidence to defeat the motion;" rather, the non-moving party must identify with reasonable

particularity the evidence upon which it relies. *Id.*  Further, "[a] party who bears the burden of

proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by

specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.*

## II. <u>BACKGROUND</u>

This case concerns coverage relating to a March 9, 2010, car accident involving a Toyota Camry driven by Defendant Michael Hahn, in which Defendants Sarah Agoston and Samantha Smythe were riding.  The issue on summary judgment is whether Hahn is considered an insured under the Allstate Insurance Company automobile insurance policy #90233413 ("policy") held by Defendants Vincent and Laurie Agoston.  The facts of record, when viewed in the light most favorable to the non-movants, are as follow.

Sarah Agoston is the daughter of Vincent and Laurie Agoston.  When Sarah turned sixteen and began driving, her parents allowed her to use their vehicles.  However, Vincent placed restrictions on Sarah's use of their vehicles.  According to Vincent, Laurie, and Sarah, Vincent told Sarah that no one beside herself could drive the vehicles.  Vincent constantly reminded Sarah of this restriction.  Sarah believed if she violated this rule, her father would take the vehicle away from her.

The Camry involved in the collision was purchased when Sarah was nineteen and was titled in Vincent and Laurie Agoston's names.  Just as Vincent and Laurie had done in the past with other vehicles they owned, they allowed Sarah to drive the Camry.  Vincent and Laurie placed the same restrictions on Sarah on the use of the Camry – no one beside Sarah was allowed to drive the vehicle.  Sarah was aware of this rule as her father had reminded her of it many times. When Sarah moved into her own apartment, Vincent reiterated to Sarah that she was the only person allowed to drive the Camry.

Approximately one month prior to the collision, Sarah started dating Hahn in order to

2

make her ex-boyfriend jealous. Sarah describes Hahn as a gang leader who had been arrested many times. She never introduced him to her parents.

During Sarah and Hahn's relationship, Hahn frequently insisted on driving the Camry, despite Sarah's statements to Hahn that she wanted to drive. Sarah and Hahn argued several times about this, but in the end, Sarah "just didn't even bother anymore." Sarah was unaware that Hahn did not have a driver's license.

On March 9, 2010, Sarah and a group of friends had a party at Sarah's apartment, during which time they consumed alcohol and pills. Around 10:00 p.m., Sarah, Hahn, Smythe, and others decided to leave Sarah's apartment. Sarah told Hahn she wanted to drive the Camry but Hahn said no. Sarah rode in the passenger's seat and Hahn drove. While driving to a friend's home, Hahn crashed the vehicle. Hahn was transported by lifeline to the hospital and Smythe was seriously injured in the accident. Until the accident, Laurie was not aware that Hahn had ever driven the Camry.[1]

Smythe has filed a civil action against Hahn, Sarah, Vincent, Laurie, and American Commerce Insurance in the Madison Circuit Court, seeking damages resulting from the collision. Allstate is providing a defense to Hahn in that action under a reservation of rights under the policy.

Allstate filed the instant action on September 7, 2011, asserting that Hahn was not given permission to drive the Camry by a "named insured" and therefore, Hahn is not an "insured person" as defined in the policy. Allstate now moves for summary judgment and seeks a

---

[1] Sarah informed Laurie after the accident that she had told Hahn that she wanted to drive, but that he had taken the keys anyway.

declaratory judgment that since Hahn is not an "insured person" under the policy (1) the policy does not provide coverage for the automobile collision on March 9, 2010; and (2) Allstate is not obligated to defend Hahn in any civil actions arising out of the collision. Smythe is the only party who has filed a response in opposition to this motion for summary judgment.

### III. <u>DISCUSSION</u>

Smythe advances three arguments why Hahn is insured under the policy, including:  (1) Sarah is considered an "insured person" under the policy and, as an insured person, gave Hahn permission to drive the vehicle; (2) the words "you" and "your" as defined in the policy are ambiguous and thus should be construed to mean that Sarah is a policyholder and as such, could give Hahn permission to drive the vehicle; and (3) since Hahn is not listed as an excluded driver, he had the Agostons' implied permission to drive the vehicle.  Each argument is addressed below.

#### A.  Sarah's Right to Give Hahn Permission to Drive Vehicle

Smythe argues that Hahn is covered by the policy because Sarah, an "insured person" under the policy, gave Hahn permission to drive the vehicle.[2]  The Allstate policy defines an "insured person" as:

> While using your insured auto:
> a.        you,

---

[2]  It could be argued that Sarah's initial resistance to Hahn's decision to drive on March 9, 2010, indicates that Hahn did not have permission from Sarah.  In that case, the inquiry would end as quickly as it began, as Hahn had no permission to drive the car from anyone.  However, at this stage the Court must draw all reasonable inferences in favor of the non-movant.  Thus, the Court assumes, for purposes of the instant motion, that Sarah's acquiescence gave Hahn implied permission to drive the Camry.

4

        b.      any resident,

        c.      and any other person using with your permission.

Allstate, on the other hand, contends that Hahn is not an insured person because Vincent and Laurie expressly restricted use of the vehicle: Sarah was the only person allowed to drive it. Accordingly, Sarah did not have the right to grant permission to Hahn to drive the car and Hahn is not insured under the policy.

When the owners of a vehicle place express restrictions on its use to a permittee, then that permittee may not grant permission to another to use the vehicle. *State Farm Mutual Auto Insurance Co. v. Gonterman*, 637 N.E.2d 811, 814 (Ind. Ct. App. 1994) (citing *Manor v. Statesman Insurance Co.*, 612 N.E.2d 1109, 114 (Ind. Ct. App. 1993)) (finding that daughter who allowed her friend to drive vehicle despite her parents' express restriction did not have the right to grant permission); *see also Kelly v. Hamilton*, 816 N.E.2d 1188 (Ind. App. 2004) (holding that  person driving a rental car was not insured under automobile policy because renter of vehicle could not grant that person permission when rental car company had expressly prohibited it).

It is undisputed that Sarah is an "insured person"  because she was granted permission to use the Camry by Vincent and Laurie.  It is also undisputed that Vincent and Laurie did not give permission to Hahn.  Moreover, Vincent and Laurie expressly prohibited anyone but Sarah from driving the vehicle, and Sarah had been continually reminded of this.  Because of this restriction, Sarah herself did not have the right to grant anyone else permission to use the vehicle.  Because Sarah could not give Hahn permission and Hahn was not given permission to drive the vehicle by Vincent and Laurie, he is not an "insured person" under the policy.

**B.  Ambiguity of Policy**

Next, Smythe argues that "you" and "your" as defined in the Allstate insurance policy are ambiguous.  Because an ambiguous insurance contract should be construed in favor of the insured, *Taylor v. American Underwriters, Inc.*, 352 N.E.2d 86, 89 (Ind. Ct. App. 1976), Smythe contends the policy should be interpreted to mean that Sarah is a policyholder and as such, could give Hahn permission to drive the vehicle, making him an "insured person" under the policy.

Although an ambiguity should be construed in favor of the insured, "[t]his, however, does not mean that because controversy exists and a party asserts one interpretation, while the other denies it, that ambiguity has affirmatively been shown to exist." *O'Meara v. American States Insurance Co.,* 268 N.E.2d 109, 111 (Ind. App. 1971).  Furthermore, a contract is not necessarily rendered ambiguous just because a term is not defined.  *Millspaugh v. Ross,* 645 N.E.2d 14, 16 (Ind. Ct. App. 1994) (citing *Harden v. Monroe Guaranty Insurance Co.,* 626 N.E.2d 814 (Ind. Ct. App. 1993)).


In the policy, "you" and "your" are defined as being the policyholder named on the declarations page of the policy.  However, on the declarations page, the term "policyholder" is not used.  Instead, Vincent and Laurie are described as "Named Insured(s)," and Vincent, Laurie, and Sarah are described as "Driver(s) Listed."  Smythe argues that since there is no "policyholder" section in the policy, and since Sarah is listed as a "driver" in the policy, she should be construed as being a policyholder.

Although the term "policyholder" is not used on the declarations page of the insurance policy, the contract is not ambiguous.  In the policy, Vincent and Laurie's address is the only address listed.  Beside the column listing Vincent and Laurie as "Named Insured(s)" are sections

entitled "Your Allstate Agent" and "Your Bill."  It is clear that "your" refers to Vincent and Laurie.  *See Carlson v. Allstate*, 749 N.W.2d 41, 45 (Minn. 2008) ("a reasonable person, even one unversed in the law or insurance, would understand that 'policyholder' referred to the policy's owner").

It would be unreasonable to construe Sarah, who is only listed as a driver, as a policyholder.  Because the only reasonable interpretation is that Vincent and Laurie are the policyholders, the policy is not ambiguous, and therefore, the Court need not construe Sarah as a policyholder.  Because Sarah is not a policyholder, she could not grant Hahn permission to use the vehicle.  Thus, Hahn is not insured under the policy.

### C.  Hahn Not Listed as an "Excluded Driver"

Lastly, Smythe contends that Hahn had Vincent and Laurie's implied permission to drive the vehicle because they did not include his name in the "Driver(s) Excluded" section of the policy.  This argument ignores common sense.  First, Vincent and Laurie had never met Hahn.  As they never met Hahn, they would have no reason to list him as an excluded driver.  It would be unreasonable and impossible for Vincent and Laurie to specifically name each person they wished to exclude in their policy, especially someone they had never met.  Second, Vincent and Laurie continually reminded Sarah that she was the only person permitted to drive the vehicle.  Since they made this rule clear to their daughter, it is not necessary to explicitly list excluded drivers in the policy to make this restriction effective.  Finally, taking the defendant's reasoning one step further, this suggests that anyone not listed as "excluded" under Vincent and Laurie's policy has implied permission to drive their vehicle.  This is certainly not the case.  Accordingly, the absence of Hahn's name in the "Driver(s) Excluded" section of the policy does not make him

an "insured person."

### IV.  CONCLUSION

Michael Hahn is not insured under the Allstate automobile insurance policy at issue.

Thus, as a matter of law, Allstate is entitled to summary judgment on its declaratory judgment

action.  Accordingly, Plaintiff Allstate's motion for summary judgment is **GRANTED**.

**SO ORDERED:**  06/29/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication, and

Vincent Agoston                                    Michael Hahn
Laurie Agoston                                     302 W. Staat Street
Sarah Agoston                                      Fortville, Indiana 46040
9530 W. Fall Creek Drive
Pendleton, Indiana 46064